### In the Matter of Arch PETTIT and Ida Marie Pettit d/b/a Archangel Corp., Le Pettit Roche, Quapaw-Quarters Shops and Ener-Kleen, Debtors.

#### Bankruptcy No. LR 80–0627.

United States Bankruptcy Court,
E. D. Arkansas, E. D.

Nov. 19, 1980.

---

8. See note 3, *supra*.

Wright, Lindsey & Jennings, Little Rock, Ark., for debtors.

### ORDER DIRECTING DEBTORS TO SUBMIT AN AMENDED PLAN OF REORGANIZATION OR A CLARIFYING DISCLOSURE STATEMENT, OR BOTH

DENNIS J. STEWART, Bankruptcy Judge.

The plan of reorganization which has been previously submitted leaves several matters in doubt which, before the court can again circulate the plan and disclosure statement to the creditors who may be affected, should be resolved.

The first question which exists is one of vagueness and ambiguity in the rather complex plan of reorganization which has previously been filed by the debtors. It is one which the court has noted in its prior orders herein, to the effect that it is currently not made clear that, in respect of certain real properties, the proceeds of sale will be paid to the mortgagees as well as the Union National Bank of Little Rock. Thus, in its order filed herein on September 29, 1980, the court noted that:

"The crucial problem in this, however, is that the property here involved would, under the plan be liquidated (and defendants reported in the course of the hearing of September 12, 1980, that a contract exists, subject to judicial approval, for its sale) and the funds would first go to pay a favored secured creditor and any excess would go into a general fund for the payment of other creditors. Thus, the indebtedness on the 'Durwood' property

(see note a1, *supra*) is pursuant to paragraph IV(5) of the proposed plan of reorganization, to be sold and:

'From the proceeds of such sale, a payment of $44,000 will be made to the Union National Bank of Little Rock ... which is the holder of a valid second mortgage ... The remainder of the proceeds derived from these sales shall be paid to the Creditor Payment Fund.'

"These provisions may conceivably create a question of 'unfair discrimination' within the meaning of § 1129(b)(1), of that issue should ultimately come into focus. But that question may be, under circumstances in which there is an equity cushion and some promise of a successful reorganization, reserved to the confirmation hearing."

Subsequently, in the abortive confirmation hearing conducted by the court on October 10, 1980, counsel for the debtors pointed out that Article One of the proposed plan of reorganization ensures that the first lienholders will be paid its balance before the remaining proceeds, if any, are paid to the Union Federal.

But the clear import of the article adverted to by the court in the above quoted passage is that the entire balance should be paid to Union National Bank. There is no cross reference to Article Five, *supra*. And the fact that oral clarification was necessary to dispel a conclusion contrary to the drafter's intention signals the necessity for clarification in this regard, either by amendment to the plan of reorganization or by means of a clarifying summation in the disclosure statement. Therefore, within 12 days or such additional time as the court may grant for good cause shown in writing, the debtors should amend the proposed plan of reorganization or disclosure statement, or both, to include a summary of the sources of money to defray the plan; how those sources will be reduced to cash; and precisely how and when that cash will be distributed to the creditors.

The recent decisions of this court in two adversary actions, *Otis Elevator Company v. Pettit*, 18 B.R. 3 (Bkrtcy.), and

*State of Tennessee v. Pettit,* 17 B.R. 6 (Bkrtcy.), raise the question of whether there is sufficient potential for finding the amount of money which will be necessary to make the proposed plan pay out within a reasonable period of time.

Therefore, either in the proposed plan of reorganization or in the disclosure statement, the debtors should provide some detailed statement of the debts to be paid through the plan of reorganization and the total thereof; the value of the various properties which are to be sold to fund the plan; the amounts which can be reasonably be expected to be derived from their sale; and the facts which make that expectation reasonable; and of the sources of other monies which are to be marshaled to fund the plan.

It is therefore, for the foregoing reasons,

ORDERED that the debtors herein submit to the court within 12 days of the date of entry of this order or in such additional time as may be granted by the court an amended plan of reorganization or amended disclosure statement, or both, in accordance with the foregoing considerations.